IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

GREAT AMERICAN E&S INSURANCE COMPANY,

Plaintiff,

v.

TOY QUEST, LTD.; CHAN MING YIU a/k/a SAMSON CHAN, CHAN SIU LUN a/k/a ALAN CHAN, LIU YI MAN a/k/a LISA LIU, AQUAWOOD LLC; BRIAN DUBINSKY; BANZAI INTERNATIONAL LIMITED; and ASI, INC. f/k/a AVIVA SPORTS INC.,

Defendants.

Case No. 0:24-cv-03367-JRT-DTS

**OBJECTIONS TO MAGISTRATE JUDGE SCHULTZ'S ORDER DENYING MOTION TO STAY PROCEEDINGS PENDING APPELLATE DECISION**

---

## INTRODUCTION

Defendants Toy Quest, Ltd., Chan Ming Yiu a/k/a Samson Chan, Chan Siu Lun a/k/a Alan Chan, Liu Yi Man a/k/a Lisa Liu, Aquawood LLC; Brian Dubinsky; and Banzai International Limited (collectively, the "Insureds") respectfully object to Magistrate Judge Schultz's April 30, 2025 oral ruling from the bench denying the Insureds' motion to stay proceedings pending appellate decision. *Compare generally* ECF No. 64, *with* 04/30/2025 Hrg. Tr. (collectively, "Order"). The Order is clearly erroneous and contrary to law, and this Court should overrule and vacate it.

Because a stay of proceedings is warranted where a pending appellate decision is likely to have a dispositive or significant impact on the issues before this Court and because the Order failed to recognize that judicial economy, avoidance of unnecessary litigation,

and fairness to the parties support staying this case, the Order should be overturned, and this declaratory judgment action should be stayed pending the resolution of the appellate proceedings.

## ***GENERAL STAR* APPEAL**

On January 21, 2025, this Court entered a declaratory judgment for an insurance company and against Defendants Toy Quest, Ltd., Samson Chan, Alan Chan, and Lisa Liu (the "Hong Kong Insureds"), holding, as a matter of first impression, that the insurance company has no duty to defend the Hong Kong Insureds in an underlying action, which the Hong Kong Insureds have appealed to the United States Court of Appeals for the Eighth Circuit. *General Star Indemnity Co. v. Toy Quest, Ltd.*, No. 0:22-CV-02258-JRT-DTS, 2025 WL 253413, at *7 (D. Minn. Jan. 21, 2025), *appeal docketed*, No. 25-1284 (8th Cir. Feb. 11, 2025) ("*General Star* Appeal"). The *General Star* Appeal presents legal questions directly relevant to the claims and defenses here.

There, General Star Indemnity Co. ("General Star") issued a primary commercial general liability policy to Toy Quest for the policy period of January 2, 2015, to February 1, 2016. ECF No. 50-1; Compl. ¶ 1, *General Star Indemnity Co.*, No. 0:22-CV-02258-JRT-DTS, ECF No. 1. General Star also issued an excess liability policy to Toy Quest Ltd. for the policy period of January 2, 2015, to February 1, 2016 (together, the "General Star Policies"). Compl. ¶ 2, *General Star Indemnity Co.*, No. 0:22-CV-02258-JRT-DTS, ECF No. 1. Toy Quest is an insured under the policies. *Id.* ¶ 20.

In March 2019, ASI, Inc. sued the Hong Kong Insureds and others in Case No. 19-CV-0763 (D. Minn.) ("ASI Action"), seeking to collect a prior judgment and

accusing the Hong Kong Insureds of, generally, RICO violations, fraud, and—most importantly here—abuse of process. *Id.* ¶¶ 26, 29, 31. After the Hong Kong Insureds tendered the ASI Action to General Star for coverage under the General Star Policies, *id.* ¶ 4, General Star agreed to defend the Hong Kong Insureds under reservations of rights, *id.* ¶¶ 34–35. It has been defending the Hong Kong Insureds now for almost five years.

General Star sought a declaration there that the General Star Policies do not cover the ASI Action because the Personal and Advertising Injury Coverage Part of the General Star Policies is not triggered by the allegations in the ASI Action and, even if they did, an exclusion applies. *General Star Indemnity Co.*, 2025 WL 253413, at *7. The General Star Policies covered claims of "malicious prosecution," *id.* at *2, but, according to General Star, "the abuse of process claim does not trigger coverage [under the policy term] and, regardless, that it would be excluded under" certain exclusions. *Id.* In January 2025, this Court agreed with General Star that "malicious prosecution" in the General Star Policies did not cover abuse of process. *See id.* at 7. Subsequently, General Star immediately withdrew its defense of the Hong Kong Insureds, even though the matter is on appeal and the ASI Action remains ongoing. ECF No. 50-2. The Hong Kong Insureds respectfully disagree with the order, have appealed to the Eighth Circuit, and have sought a stay of the effect of the declaratory judgment pending appeal.

**PRESENT MATTER**

Great American E&S Insurance Company ("Great American") issued a commercial general liability policy to Toy Quest for the policy period of February 2, 2016, to

February 2, 2017;[1] a commercial general liability policy to Banzai for the policy period of August 5, 2017, to August 5, 2018; and a commercial general liability policy to Banzai International Limited[2] for the policy period of August 5, 2018, to August 5, 2019 (collectively, the "Policies"). *Id.* ¶ 14. The Hong Kong Insureds, Aquawood, Banzai, and Dubinsky (the "Insureds") are insureds under the Policies. *Id.* ¶ 15.

In March 2019, ASI, Inc. sued the Insureds and others in Case No. 19-CV-0763 (D. Minn.) ("ASI Action"). *Id.* ¶ 1. After the Insureds tendered the ASI Action to Great American for coverage under the CGL Policies, Great American agreed to defend the Insureds under reservations of rights. *Id.* ¶¶ 6, 16.

Great American now seeks a declaration that the Policies do not cover the ASI Action because the Personal and Advertising Injury Coverage Part is not triggered by the allegations in the ASI Action and, even if they did, an exclusion applies. *Id.* ¶¶ 28–43.

Great American moved for judgment on the pleadings on February 14, 2025, ECF No. 36, and that motion remains pending.

## STAY ORDER

The Insureds moved for a stay of these proceedings pending the resolution of the *General Star* Appeal. ECF No. 46. Judge Schultz ruled from the bench:

> . . . I'm going to deny the motion for a stay, and the reason for that are, I'll just walk through the factors.

---

[1] Aquawood and Dubinsky (the "Domestic Insureds"), who were not insureds under the General Star Policies, are insureds under this policy. ECF No. 1 ¶ 15.

[2] Banzai was not an insured under the General Star Policies.

> Whether the moving party has made a strong showing that they're likely to succeed on the merits. I don't believe that that showing has been made. I think if anything, the likely success on the merits cuts in favor of the insurers.
>
> Whether the applicant will be irreparably harmed, I don't believe there's a showing of irreparable harm here. Certainly, I'm not unaware of the fact that if this case proceeds to judgment on the pleadings and Judge Tunheim determines there is no coverage, that will, at least in the short term, result in some pain to the defendants, but I don't believe it amounts to irreparable injury without the stay.
>
> Issuance of the stay, will it substantially injure other parties? I wouldn't say it's substantial, but I would say that issuing a stay at this juncture would result in injury to the insurers in the sense that they will for sure continue to pay costs of defense, and they will not have a decision on the merits of the action for some time, so that is some level of injury to the insurers.
>
> Fourth, Garcia factor is where the public interest lies. I don't think the public interest is much implicated in this case. Really though, the other factors, the thing that is most persuasive to me in some ways is the question of judicial economy. At this point, the motions for judgment on the pleadings have been fully briefed. The discovery in the cases has been stayed pending a decision on the judgment on the motion for judgment on the pleadings.
>
> It is readily apparent to me that the most efficient use of judicial resources at this point is for those motions to proceed to resolution by Judge Tunheim.
>
> That all said, as we've all acknowledged, Judge Tunheim will decide them when Judge Tunheim decides to decide them, and so rather than I, as it were, take that choice away from him, I think that choice is better left to him.
>
> So the motion for a stay is denied. . . .

Hrg. Tr. 27:10–28:23. The Order precipitates these objections.

**STANDARD**

Under Rule 72(a), this Court "must consider timely objections [to an order of the magistrate judge] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *E.g.*, *United States ex rel. Higgins v. Boston Scientific Corp.*, No. 11-

cv-2453, 2021 WL 2221576, at *1 (D. Minn. June 2, 2021); *see also* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (citation omitted). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quotation marks and citation omitted).

## ARGUMENT

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 172 (D.D.C. 2011) (citation omitted). That discretion is part of the district courts' inherent authority to control their dockets. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citation omitted). When an appeal is pending in a similar case, district courts have exercised discretion to stay actions pending appellate decisions. *See, e.g.*, *Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 926 (D. Minn. 2016).

Courts generally consider the following factors when determining whether to grant a stay of proceedings based on the outcome of another case on appeal:

- The potential impact of the appellate decision on the pending case;
- The hardship or inequity that a party may suffer if required to proceed; and
- The interest of judicial economy and efficiency.

*See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Each of these factors weighs in favor of granting a stay here. In deciding whether to stay a decision pending an appeal in a similar case, judges in this district have also considered:

- the effect of the decision on the scope of discovery;
- whether a stay would conserve judicial resources, clarify the law, and aid in the court in making a decision on the merits;
- whether a stay would prejudice the plaintiff;
- whether a stay would reduce the burden of litigation on the parties;
- the anticipated length of the stay; and
- absent a stay, whether the defendant would suffer hardship.

*Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 924 (D. Minn. 2016) (citation omitted) (also considering factors relevant to a Rule 62 analysis). These factors likewise weigh in favor of a stay.

## I. The Order should be overruled because it is clearly erroneous and contrary to law.

The Order misapplies the governing legal standard and disregards compelling reasons for staying the litigation pending resolution of dispositive coverage issues in the *General Star* Appeal.

### A. The Order misapplies the legal standard for issuing a stay.

The Order appears to apply almost exclusively a preliminary-injunction-like standard, weighing factors such as the likelihood of success on the merits and irreparable harm. While it is true that courts in this district consider these factors, they do not do so in isolation. *See id.* Rather, courts assessing motions to stay pending resolution of insurance

coverage disputes often apply a broader discretionary standard focused on judicial economy, hardship to the parties, and the interests of justice. *See, e.g.*, *id.* To the extent the Order rigidly applies factors specific to an equitable standard, it is contrary to law.

**B. The Order clearly errs in concluding there is no irreparable harm.**

The Order acknowledges that, absent a stay, the Insureds could face a judgment on the pleadings foreclosing coverage, resulting in "some pain." Hrg. Tr. 27:23. However, the Order fails to recognize that such a ruling could result in unrecoverable defense and indemnity expenses and prejudice to the Insureds' ability to litigate the underlying case while defending themselves without coverage. These consequences constitute irreparable harm.

**C. The Order, while ostensibly giving significant weight to judicial economy, is inconsistent with other principles of judicial economy.**

The Order acknowledges that the motion for judgment on the pleadings is fully briefed and discovery is already stayed. Hrg. Tr. 28:12–15. Yet, the Order's conclusion that denying the stay would promote judicial economy is inconsistent because proceeding with dispositive briefing on the merits—while insurance coverage issues remain unresolved in the *General Star* Appeal and its potential progeny—risks wasteful expenditures of resources on litigation that may ultimately be rendered moot or need to be repeated if there is no coverage. Granting a stay would avoid squandering judicial and party resources. *See Garcia*, 276 F. Supp. 3d at 925 (finding that where liability may be clearer following an appellate decision, a stay was justified to simplify disputed issues, conserve judicial resources, clarify the law, aid the Court in making a decision on the

merits, and better guide the scope of discovery following the stay); *Clinton*, 520 U.S. at 706; *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085–86 (9th Cir. 2024) (identifying "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" as a factor to consider in deciding whether to issue a stay) (citation omitted).

Moreover, the Order emphasized that "Judge Tunheim will decide [the motion] when Judge Tunheim decides to decide [it]," suggesting the Court lacks control over timing or otherwise can deny the motion as a sort of pocket veto of relief. *See* Hrg. Tr. 28:19–23. But this does not support denying the stay; rather, it underscores the uncertainty and prejudice that weighs in favor of pausing this litigation.

## II. The Order clearly errs in failing to give any weight to the likelihood that a decision in the *General Star* Appeal will have a controlling impact on this case.

The *General Star* Appeal involves legal issues that are central to the resolution of this matter. There, the principal question is whether a claim for abuse of process in an underlying action triggered the insurer's duty to defend under an insurance policy providing coverage for "malicious prosecution." *See Gen. Star*, 2025 WL 253413, at *1. Similarly here, Great American seeks a declaration that it can deny coverage based on policy terms similar to those invoked by General Star, arguing that coverage for ASI's claims in the ASI Action is barred because the Policies cover claims of "malicious prosecution," not abuse of process. ECF No. 38 at 16–19. The efficiency gains from certainty and clarity in the law yielded by a decision in the *General Star* Appeal favor a stay.

To start with, the Eighth Circuit's decision in the *General Star* Appeal is likely to have at least partially controlling effect here. A non-insured defendant there insisted that California law should govern; the insureds (the Hong Kong Insureds in this case) urged the court to apply Minnesota law. *See Gen. Star*, 2025 WL 253413, at *3. Although the Court conducted a choice-of-law analysis, it concluded that "no conflict [existed] between California and Minnesota law." *Id.* In the end, the Court predicted under Minnesota law that an insurance policy providing coverage for "malicious prosecution" did not encompass abuse-of-process claims. *See id.* at *7; *see Cotton v. Commodore Exp., Inc.*, 459 F.3d 862, 864 (8th Cir. 2006) ("When there is no state supreme court case directly on point, our role is to predict how the state supreme court would rule if faced with the issues before us."). To the extent that Minnesota law applies to any Insured in this case—and discovery may be necessary to resolve that question—the *General Star* Appeal will likely have controlling effect in this case. *See Calzone v. Summers*, 942 F.3d 415, 427 (8th Cir. 2019) ("In the absence of a controlling Supreme Court decision to the contrary, the district court as well as any panel of this court, was bound to apply this circuit's precedent.").

The case for a stay as to the Domestic Insureds is no weaker. Applying California law, the Ninth Circuit has held that "malicious prosecution" covers abuse-of-process claims. *See Lunsford v. Am. Guarantee & Liab. Ins. Co.*, 18 F.3d 653, 656 (9th Cir. 1994). But the Court in *General Star* rejected *Lunsford*, reasoning that "if the issue were determined today on first impression, the California Supreme Court would follow the national trend and find that the term 'malicious prosecution' unambiguously excludes abuse of process." *Gen. Star*, 2025 WL 253413, at *4; *see Cotton v. Commodore Exp.,*

*Inc.*, 459 F.3d 862, 864 (8th Cir. 2006) ("When there is no state supreme court case directly on point, our role is to predict how the state supreme court would rule if faced with the issues before us.").

This case likewise presents the question of whether this Court should heed *Lunsford* or predict that the California Supreme Court would hold otherwise. *Cf. Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). That is because, although discovery may be needed on the choice-of-law question, California law may apply (at a minimum) to the two Domestic Insureds that were nonparties in *General Star*. As Great American alleges, Aquawood is a California entity and Dubinsky resides in California, *see* ECF No. 1 ¶¶ 10–11, and the strength of Minnesota's contacts are weaker than California's. Because the policies at issue were issued to the Domestic Insureds in California, that state's law likely governs as to them. *See Interco Inc. v. Mission Ins. Co.*, 808 F.2d 682, 684 (8th Cir. 1987) ("The law of the state where an insurance contract is issued controls the substantive rights of the parties."). If the Eighth Circuit addresses California law in the *General Star* Appeal, it will have binding effect as to the Domestic Insureds and any others to which California law applies. *See Calzone*, 942 F.3d at 427. That factor argues for a stay.

At bottom, proceeding in this case before the *General Star* Appeal is resolved risks unnecessary litigation and reconsideration of this Court's rulings, justifying a stay in the interest of judicial economy. *See Garcia*, 276 F. Supp. 3d at 924. A ruling in the *General Star* Appeal will likely provide binding authority that could significantly narrow or resolve

issues in this case, and thus, staying this case will prevent potentially unnecessary or inconsistent rulings. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."); *see Garcia*, 276 F. Supp. 3d at 926; *Fonville*, 766 F. Supp. 2d at 173; *see also Collins Radio Co. v. Ex-Cell-O Corp.*, 467 F.2d 995, 1000 (8th Cir. 1972). The Court should stay this case.

**III. Great American will not suffer prejudice from a temporary stay—in fact, both sides, contrary to the Order's finding that the insurers will experience "some level" of injury, may be harmed by the absence of a stay.**

A stay would not unduly prejudice Great American. Rather, it would benefit both parties by avoiding duplicative or unnecessary legal costs. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (opining that a stay can be appropriate when there is no fair possibility that the stay will damage someone else); *see also Garcia*, 276 F. Supp. 3d at 925 (stating that concerns about the preservation of evidence can be addressed, "even with a stay"). Courts generally deny stays when they result in prolonged or indefinite delays that disadvantage one party. *See Dependable Highway Exp.*, 498 F.3d at 1066–67. Yet here the appellate case is already underway, and a decision is expected within a reasonable timeframe. ECF No. 50-3. In such circumstances, a temporary stay will not cause undue delay but will instead allow the Court

to issue rulings that are more informed, more focused, less susceptible to reconsideration—and thus less likely to result in unnecessary litigation expense.

**CONCLUSION**

For the reasons stated, the Court should overrule and vacate the Order and enter an order staying these proceedings pending resolution of the *General Star* Appeal.

FREDRIKSON & BYRON, P.A.

Dated: May 14, 2025

/s/ *Brandon R. Underwood*

Brandon R. Underwood, #0402323
Sarah B. Golwitzer (*pro hac vice*)
111 East Grand Avenue, Suite 301
Des Moines, Iowa 50309
Telephone: (515) 242-8900
bunderwood@fredlaw.com
sgolwitzer@fredlaw.com

***Attorneys for the Insureds***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 14, 2025, the foregoing document was served upon counsel through the Court's CM/ECF electronic filing system.

*/s/ Christina Laage*