UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| GREAT AMERICAN E&S INSURANCE COMPANY, | Civil No. 24-3367 (JRT/DTS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER** |
| TOY QUEST LTD.; CHAN MING YIU, *also known as* SAMSON CHAN; CHAN SIU LU, *also known as* ALAN CHAN; LIU YI MAN, *also known as* LISA LIU; AQUAWOOD, LLC; BRIAN DUBINSKY; BANZAI INTERNATIONAL LIMITED; and ASI, INC., *formerly known as* AVIVA SPORTS INC., | |
| Defendants. | |

---

Charles E. Spevacek and Michael P. McNamee, **MEAGHER & GEER, P.L.L.P.**, 33 South Sixth Street, Suite 4300, Minneapolis, MN 55402, for Plaintiff.

Brandon Underwood and Sarah Beth Golwitzer, **FREDRIKSON & BYRON**, 111 East Grand Avenue, Suite 301, Des Moines, IA 50309, for Defendants Toy Quest Ltd., Samson Chan, Alan Chan, Lisa Liu, Aquawood, LLC, Brian Dubinsky, and Banzai International Limited.

Keith M. Sorge, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**, 81 South Ninth Street, Suite 500, Minneapolis, MN 55402; Shelli L. Calland and Stephen A. Weisbrod, **WEISBROD MATTEIS & COPLEY PLLC**, 3000 K Street Northwest, Suite 275, Washington, DC 20007, for Defendant ASI, Inc.

After several years of defending its insureds under reservation of rights, Plaintiff Great American E&S Insurance Company ("Great America") seeks a legal declaration that it has no duty to defend or indemnify its insureds in the underlying action. The Court

answered the precise interpretive question at issue here in a similar case, *General Star Indem. Co. v. Toy Quest Ltd.* ("*General Star*"), No. 22-2258, 2025 WL 253413 (D. Minn. Jan. 21, 2025). But Defendants asked the Court to refrain from deciding that same interpretive issue in this action pending the outcome of the appeal in *General Star*. Magistrate Judge David T. Schultz denied Defendants' motion to stay, and Defendants appealed that decision to this Court. Because the Magistrate Judge did not clearly err in denying Defendants' motion to stay, the Court will overrule Defendants' appeal and affirm the Magistrate Judge's order.

## BACKGROUND

When Defendants were sued for abuse of process in *ASI, Inc. v. Aquawood, LLC, et al*, No. 19-763 ("ASI Action"), they tendered the action to their insurance provider, Great American. (Am. Compl. ¶¶ 1, 14–15, 27, Aug. 23, 2024, Docket No. 6.) Great American has been defending Defendants under reservation of rights. (*Id.* ¶ 16.)

Great American also filed this action seeking a declaration from the Court that it has no duty to defend or indemnify the Defendants in the underlying ASI Action because the claim for abuse of process does not trigger policy coverage for malicious prosecution. (*Id.* ¶¶ 2, 31; Pl.'s Mem. Supp. Mot. J. Pleadings at 4, Feb. 14, 2025, Docket No. 38.)

Prior to Great American filing this action, the Court addressed virtually an identical issue in *General Star*. Under the same policy language, the Court determined that General Star had no duty to defend or indemnify its insureds because malicious prosecution unambiguously meant only malicious prosecution and accordingly the claim for abuse of

process did not trigger insurance coverage. *General Star*, 2025 WL 253413, at *6–7. An appeal of that decision is currently pending before the Eighth Circuit. (No. 22-2258, Notice of Appeal, Feb. 11, 2025, Docket No. 123.)

Shortly after Great American filed its motion for judgment on the pleadings, Defendants filed a motion to stay proceedings pending the outcome of the *General Star* appeal. (Mot. to Stay, Mar. 21, 2025, Docket No. 46.) The Magistrate Judge denied Defendants' motion to stay from the bench. (Order, Apr. 30, 2025, Docket No. 64.) Defendants timely appealed that denial. (Appeal/Obj. of Magistrate Judge Decision, May 14, 2025, Docket No. 68.)

In the meantime, the motion for judgment on the pleadings has been fully briefed and argued. (Min. Entry, July 14, 2025, Docket No. 74.) Discovery has also been stayed pending resolution of the motion for judgment on the pleadings. (Order.)

## DISCUSSION

### I. STANDARD OF REVIEW

Magistrate judges may hear and determine certain pretrial matters under the Federal Magistrate Judges Act. 28 U.S.C. § 636(b)(1)(A); *accord* D. Minn. LR 72.1(a)(2). The standard of review applicable to an appeal of a magistrate judge's order on non-dispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is clearly erroneous or contrary to law. *Id.*; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3)(A). "A finding is clearly erroneous when 'although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quotation omitted).

## II.   ANALYSIS

Defendants argue that the Magistrate Judge clearly erred because he did not consider the broad factors described in *Garcia v. Target Corp.*, found no irreparable harm to Defendants, inadequately considered judicial economy, failed to give weight to the impact of the *General Star* appeal decision, and erroneously determined that Great American would be prejudiced.  Each alleged error will be taken in turn.

### A.   Stay Factors

The Magistrate Judge did not clearly err in the factors he considered in evaluating Defendants motion to stay.

The power to issue a stay is within the discretion of the court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). *Garcia v. Target Corp.* delineates several factors for the court to consider in exercising its discretion to enter a stay pending appeal.  276 F. Supp. 3d 921, 924 (D. Minn. 2016).  The *Garcia* court began by listing the following factors:

> the effect of the decision on the scope of discovery; whether a stay would conserve judicial resources, clarify the law, and aid in the court in making a decision on the merits; whether a stay would prejudice the plaintiff; whether a stay would reduce the burden of litigation on the parties; the anticipated length of the stay; and absent a stay, whether the defendant would suffer hardship.

*Garcia*, 276 F. Supp. 3d at 924.  *Garcia* then described those factors as consistent with the "standard factors": namely likelihood of success on the merits, irreparable injury to the movant, balance of equities, and public interest ("Standard Factors").  *Id.*  Finally, *Garcia* discussed consideration of "maintaining control of [the Court's] docket, conserving judicial resources, and providing for the just determination of cases pending before the court."  *Id.*

First, Defendants present no evidence to suggest that in all cases, all factors must specifically be considered.  Instead, Defendants argue that courts "often apply a broader discretionary standard focused on judicial economy, hardship to the parties, and the interests of justice."  (Defs.' Mem. Supp. Appeal Magistrate Judge Order at 8, May 14, 2025, Docket No. 68.)  Accordingly, even if the Magistrate Judge had rigidly applied the Standard Factors, the Court is not convinced that would have been clear error.  *Cf. Kent v. Bank of Am., N.A.*, No. 11-2315, 2012 WL 12895016, at *1 (D. Minn. June 26, 2012) (applying only the Standard Factors to a motion to stay pending the appeal of other cases).

Second, even if the Magistrate Judge was required to consider factors other than the Standard Factors, the Court is satisfied he did so.  For example, the Magistrate Judge

-5-

specifically addressed the "efficient use of judicial resources" and the impact any stay would have on discovery. (Hr'g Tr. at 28:10–18, May 6, 2025, Docket No. 66.) The Magistrate Judge also acknowledged the "other factors" while delivering his ruling from the bench. (*Id.* at 28:10.) Furthermore, the transcript from the hearings shows that the Magistrate Judge engaged in prolonged discussion with the parties about the impact the Eighth Circuit's decision in *General Star* would have on this litigation. (*See id.* at 5:22–8:14.) Accordingly, the Court finds clear evidence that the Magistrate Judge weighed factors outside the Standard Factors in denying Defendants' motion to stay.

Because the Magistrate Judge did not limit his analysis to Standard Factors and the Court is not convinced that doing so would have constituted clear error, the Court finds no clear error in the factors the Magistrate Judge considered.

**B.    Irreparable Harm**

The Magistrate Judge also did not clearly err in determining that Defendants are unlikely to suffer irreparable harm. The Magistrate Judge did acknowledge that Defendants may suffer "some pain" absent a stay, but that the harm failed to rise to the level of irreparable. (Hr'g Tr. at 27:23.) In response, Defendants cite to "unrecoverable defense and indemnity expenses" as well as "prejudice to the Insureds' ability to litigate the underlying case . . . without coverage." (Defs.' Mem. Supp. Appeal Magistrate Judge Order at 8.)

The party moving for a stay must show that irreparable harm will occur absent a stay. *Landis*, 299 U.S. at 255.

Defendants' alleged harms are either precisely the kind that may be remedied by money damages or are too speculative. If Great American withdrew its defense and it was later determined they had a duty to defend the abuse of process claims, Great American could be ordered to repay any costs expended by the Defendants in the meantime. As to the other "prejudice" that Defendants may suffer, the Court is unsure what that harm may even be and is not persuaded that the harm is likely to occur. Accordingly, the Magistrate Judge did not clearly err in determining that Defendants had not met their burden to show irreparable harm.

C.     **Judicial Economy**

Defendants' disagreement with the weight afforded to the various judicial economy considerations does not render the Magistrate Judge's conclusions clearly erroneous. The Magistrate Judge concluded that because the motion for judgment on the pleadings is fully briefed and discovery has been stayed, denying Defendants' motion to stay promoted judicial economy. Defendants instead argue that granting a stay would avoid wasting resources on litigation that may be mooted or need to be redone.[1]

The motion for judgment on the pleadings is ripe for review. Issuing a decision in due course on a fully briefed, potentially dispositive motion will not squander efforts

---

[1] Curiously, Defendants rely heavily on the efficiency of ordering a stay but rejected an offer by Great American to stipulate judgment in its favor and consolidate this action with *General Star* before the Eighth Circuit. (Aff. of Charles E. Spevacek ¶¶ 4–5, Ex. A at 2, Apr. 4, 2025, Docket No. 62.) That rejection weakens Defendants' judicial economy argument slightly.

already expended but rather will promote judicial economy.  The Magistrate Judge did not clearly err in his weight of the judicial economy in denying Defendants' motion to stay.

### D.     *General Star* Decision

Defendants argue that the Magistrate Judge "failed to give any weight to the likelihood that a decision in the *General Star* Appeal will have a controlling impact on this case," but that allegation is belied by the hearing transcript.  In fact, the Magistrate Judge interrupted Defense Counsel shortly after he began to inquire about precisely this issue.  (Hr'g Tr. at 5:22–6:3 ("[A]re . . . defendants willing to say however the Eighth Circuit goes, so goes these cases or is that not the case?").)   Though the Magistrate Judge may not have given the impact of the *General Star* decision the weight Defendants would have liked, the Court is satisfied that the Magistrate Judge gave thoughtful consideration to the effect of the *General Star* appeal in making his decision; thus, denying Defendants' motion to stay was not clearly erroneous.

### E.     **Prejudice to Great American**

The Magistrate Judge did not clearly err in determining that a stay would prejudice Great American.  Defendants claim that a stay would in fact benefit Great American by "avoiding duplicative or unnecessary legal costs."  (Defs.' Mem. Supp. Appeal Magistrate Judge Order at 12.)   However, Defendants acknowledged at the hearing that if Great American continues to defend the Defendants in the underlying ASI Action and it is later determined that Great American had no duty to defend, Great American may not be able

-8-

to recover the money expended on the defense. (Hr'g Tr. at 12:24–13:21.) The Magistrate Judge correctly concluded that Great American would likely suffer prejudice if Defendants' motion to stay was granted. *Landis*, 299 U.S. at 255 (noting that damage to the non-movant must only be "a fair possibility").

## CONCLUSION

Defendants want to delay the Court's ruling on Great American's motion for judgment on the pleadings pending resolution of the *General Star* appeal. The Magistrate Judge, however, determined that the factors did not support issuing a stay. Defendants cite several alleged errors by the Magistrate Judge in reaching his conclusion, but the Court finds no clear error. Accordingly, the Court will overrule Defendants' appeal and affirm the Magistrate Judge's order denying Defendants' motion to stay.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Appeal/Objection of Magistrate Judge Decision [Docket No. 68] is **OVERRULED**.

2. Magistrate Judge Order [Docket No. 64] is **AFFIRMED**.

DATED: August 18, 2025
at Minneapolis, Minnesota.

*John R. Tunheim*
JOHN R. TUNHEIM
United States District Judge